Filed 1/29/16  P. v. Morales CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C079064 |
| Plaintiff and Respondent, | (Super. Ct. No. CM041209) |
| v. | |
| ANTHONY DAVID MORALES, | |
| Defendant and Appellant. | |

Defendant Anthony David Morales pleaded no contest to causing great bodily injury while driving with a blood-alcohol content of 0.08 percent or higher, within 10 years of two other driving-under-the-influence (DUI) convictions.  (Veh. Code, § 23153, subd. (b); Pen. Code, § 12022.7.)  The trial court sentenced defendant to an aggregate term of seven years in state prison.

On appeal, defendant contends he received ineffective counsel at sentencing and the trial court erred in ordering him to pay a $1,956 Vehicle Code section 23539 fine. We conclude defendant received effective counsel but agree the $1,956 fine was

1

unauthorized. Accordingly, we will remand the matter to allow the trial court to correctly identify the statutory bases for the fine, but otherwise affirm the judgment.

BACKGROUND

In the early hours of May 14, 2014, a man was driving a truck from Oregon to Auburn with two passengers inside. The driver pulled over on the side of the freeway, and then he and one of the passengers got out of the truck to secure the load in the back. The next thing the driver knew, he was struck by another vehicle (later identified as defendant's). He landed on the ground, his legs broken.

The victim's passenger, who was helping to secure the load in the back of the truck, saw defendant's vehicle approaching them from behind, veering onto the shoulder. When he realized the vehicle was not slowing down, he jumped out of the way. He watched as defendant drove his vehicle into the victim, throwing the victim forward. The passenger approached the victim and saw that his legs were broken. Defendant approached the passenger and said they should just move the victim and exchange information. Defendant asked the passenger not to call the police.

The passenger told defendant he was calling 911 and that the victim was seriously injured. Defendant went back to his vehicle and tried to start the engine. The vehicle would not start and the passenger could hear defendant calling someone to "hurry and come pick him up, before the police arrived."

The victim's second passenger, who was inside the truck when defendant hit the victim, did not see what caused defendant to veer off the road. But, she also told defendant she was calling 911, and she also overheard him on the phone asking someone to hurry and pick him up before the police arrived.

Police officers soon arrived. The officer who made contact with defendant noted that defendant smelled like alcohol. He also noted defendant's eyes were "red and watery," his speech "slurred," and he was unsteady on his feet. Defendant initially denied drinking any alcoholic beverages that evening, but eventually admitted to drinking

2

a single beer several hours earlier. The officers checked defendant's driver's license. They learned defendant's license was suspended for driving under the influence and he was currently on probation.

The officers also performed field sobriety tests on defendant and they determined he was too impaired to drive safely. They took defendant into custody. The officers administered breath tests to defendant; his blood-alcohol level was ".15% and .14% respectively."

The People later charged defendant with causing great bodily injury (Pen. Code, § 12022.7) while driving under the influence of alcohol within 10 years of other "DUI" offenses (Veh. Code, §§ 23153, subd. (a), 23566, subd. (b)), causing great bodily injury (Pen. Code, § 12022.7) while driving with a blood-alcohol content at or exceeding 0.08 percent within 10 years of two other "DUI" offenses (Veh. Code, § 23153, subd. (b)), driving a motor vehicle with a blood-alcohol content of 0.01% or higher while on probation for driving under the influence (Veh. Code, § 23154, subd. (a)), and driving with a driver's license suspended for a prior "DUI" conviction (Veh. Code, § 14601.2, subd. (a)).

Defendant pleaded no contest to causing great bodily injury (Pen. Code, § 12022.7) while driving with a blood-alcohol content at or exceeding 0.08 percent within 10 years of two other "DUI" offenses (Veh. Code, § 23153, subd. (b)). Defendant also admitted convictions for driving under the influence in August 2012 and November 2013. Defendant also pleaded no contest to a misdemeanor charge of driving under the influence in Butte County Superior Court case No. SCR95873. In exchange for defendant's plea, the People would move to dismiss the remaining charges.

At sentencing, after the trial court denied defendant's request for probation, defendant argued the mitigating circumstances outweighed those in aggravation. Defendant argued his alcoholism was a mitigating circumstance. Moreover, he argued, his alcoholism was set on by his father's cancer diagnosis and his impending divorce.

This too, he argued, should weigh against any aggravating circumstances. Defendant further argued the court should consider that, because he was an alcoholic, having a blood-alcohol content of 0.14 or 0.15 percent did not render him "slobbering drunk" when he drove his vehicle that day. Defendant also noted that he admitted wrongdoing at an early stage.

Conversely, the People argued the upper term was warranted. They noted defendant caused injury to his victim only seven months after his arrest in a prior DUI offense, was on probation when he committed this criminal offense, and his crimes were increasing in frequency and severity. The People also argued the victim was particularly vulnerable and that defendant's conduct constituted a serious danger to society. While the victim lay injured on the road, they argued, defendant asked the passengers not to contact law enforcement. Then, when he was unsuccessful, he tried to leave the scene.

The court reviewed the aggravating and mitigating circumstances presented and found "no circumstances in mitigation . . . , therefore, after careful consideration, the Court finds on balance that the circumstances in aggravation do outweigh the circumstances in mitigation and, therefore, the court is imposing the upper term."

"The court will find that the defendant's -- the defendant has engaged in conduct that indicates a serious danger to society.

"Also, the defendant was on probation at the time of the offenses involved in this case as previous[ly] noted. The court finds no factors in mitigation, . . . ."

Accordingly, the trial court imposed the upper term and sentenced defendant to an aggregate term of seven years in state prison. The trial court also ordered defendant to pay various fines and fees, including a $1,956 fine pursuant to "Vehicle Code section 23539."

4

DISCUSSION

A. *The Upper Term*

Defendant contends the trial court abused its discretion in imposing the upper term. The People argue defendant has forfeited his objection on appeal. We agree the issue is forfeited under *People v. Scott* (1994) 9 Cal.4th 331, 351, so we address defendant's claim for ineffective assistance of counsel.

To succeed on his claim of ineffective assistance of counsel, defendant has the burden of showing both that his counsel's performance was deficient and that the deficient performance prejudiced the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693].) To show prejudice, defendant must show there is a reasonable probability that but for counsel's performance, the result of the proceeding would have been different. (*Id.* at p. 694.) If defendant fails to show prejudice, we need not determine whether counsel's performance was deficient. (*People v. Weaver* (2001) 26 Cal.4th 876, 961.)

Defendant cannot establish prejudice. In sentencing defendant to the upper term, the trial court found defendant engaged in conduct that was dangerous to society and was on probation at the time he committed the offense. Defendant argues trial counsel should have objected to the court's reliance on his conduct as dangerous because, defendant contends, the court could only have been referring to defendant's past "DUI convictions," which were also an element of his crime.

Whether we agree with defendant's interpretation of the court's statement, there is no dispute that defendant was on probation at the time he committed his crime. That single aggravating factor was sufficient to impose the upper term even had counsel successfully objected to the other aggravating factor. (*People v. Osband* (1996) 13 Cal.4th 622, 728.)

5

Defendant argues further that, had trial counsel objected, it is reasonably probable he would have received a more favorable sentence because the mitigating factors outweighed the single, appropriate aggravating factor. We are not persuaded.

First, defendant believes his alcoholism qualifies as a mitigating factor. Defendant has had three convictions for driving under the influence of alcohol in two years. He has had the opportunity to get sober; he chose not to. Under these circumstances, alcoholism is not a mitigating factor. (See *People v. Reyes* (1987) 195 Cal.App.3d 957, 960-963 [the felony drunk driver who has had failed to take advantage of opportunities to address his alcoholism "should be sentenced to a longer term, not a shorter one"].)

Second, the trial court was aware of all the factors defendant now contends are mitigating. The trial court knew that defendant admitted his guilt early on, knew defendant was an alcoholic, and was present when defendant expressed his remorse; the court did not consider those factors mitigating. Defendant has thus failed to establish it is reasonably probable he would have received a more favorable sentence, even if only a single aggravating factor were considered.

In sum, defendant received effective counsel in the trial court.

*B. The Vehicle Code Fine*

Defendant further contends the trial court erred in imposing a $1,956 fine pursuant to "Vehicle Code section 23539." The Vehicle Code does not include a section 23539; however, a fine *could* have been imposed under Vehicle Code section 23540. Thus, this is not a fine that "could not have been imposed under any circumstance in the particular case." (*People v. Breazell* (2002) 104 Cal.App.4th 298, 304-305.) Vehicle Code section 23540 nevertheless sets the maximum fine at $1,000. Accordingly, there must be additional statutory bases for the remainder of the $1,956 fine imposed by the trial court. We will remand the matter to allow the trial court to correctly identify those bases.

## DISPOSITION

The matter is remanded for the limited purpose of allowing the trial court to correctly identify the statutory bases for the $1,956 fine and amend the abstract accordingly. The trial court is further directed to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


                               /s/
                               Blease, Acting P. J.


We concur:


      /s/
      Hull, J.


      /s/
      Robie, J.